**United States Bankruptcy Court**
**Northern District of Indiana Hammond Division at Hammond**

| In re | Jose M. Lopez  MaryLou Lopez | Case No. |
|---|---|---|
| | Debtor(s) | Chapter 13 |

## CHAPTER 13 PLAN

### PLAN PAYMENTS

1. Payments to the Trustee: The future earnings or other future income of the Debtors is submitted to the supervision and control of the trustee. The Debtor's employer shall pay to the trustee the sum of **$4,050.00** per month for **60 months beginning December 2017. The Plan payment will commence not later than 30 days from the date the voluntary petition was filed.**

2. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

3. Debtor(s) will pay all statutory adequate protection payments thru the Trustee office. As such, provided the Debtor(s) begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.

4. Debtor(s) will turnover copies of federal and state tax returns each year of the Plan to the Trustee.

5. In the event Debtor combined net state and federal income tax refunds exceeds $750.00 (each year) the amount of net tax refunds will be turned over to the Trustee.

### DISBURSEMENTS BY TRUSTEE
### A. CLASS ONE-ADMINISTRATIVE EXPENSES:

    a. *Trustee fees* as determined by statute.
    b. *Attorney fees and costs:* Attorneys fees will be paid after Class Two, Four and Five monthly payments are post petition current.
    [X] An agreed fee of **$ 3,400.00** less amounts paid as disclosed in the Rule 2016(b) Statement leaving a balance due of **$2,200.00** plus costs advanced in the amount of **$ 0.00** totals due and owing **$2,200.00**
    [ ] Attorney's fees to be applied for and approved by the Court.

B. Priority Claims under 11 U.S.C. § 507

(1) Domestic Support Obligations

(a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

**-NONE-**

(c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
|---|---|---|
| **-NONE-** | | |

(d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

| Claimant and proposed treatment: | |
|---|---|
| | **-NONE-** |

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Wells Fargo Home Mortgage** | 520 Kinsale Court Valparaiso IN | $2,007.00 |
| **American Credit Acceptance** | 2010 Cadillac CTS | $506.93 |
| **Americredit Financial Services** | 2011 Jeep Cherokee | $893.43 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **AmericCredit Financial Services** | **$17,825.00** | **$893.43** | **5.75%** |

**FAILURE TO OBJECT TO THIS TREATMENT OF CLASS CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, PAYMENT AND % RATE.**

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **American Credit Acceptance** | **$18,817.82** | **$506.93** | **5.75%** |

**FAILURE TO TIMELY OBJECT TO THE ESTIMATED BALANCE IN CLASS IS NOT DEEMED ACCEPTANCE OF THAT VALUE AS THE TRUSTEE WILL PAY THE CLAIM AS FILED AND ALLOWED.**

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Wells Fargo Home Mortgage** | **$273,000.00** | **$2,007.00** | **3.75%** |

**The Allowed secured claim of Wells Fargo Bank, NA  Mortgage, shall be paid, together with any 11 USC 506(a) claims (including post-petition interest at the contract rate per annum; and other advances). The secured claim of estimated to be $294,000 secured by the real estate  property  in Valparaiso, Indiana property valued at $354,000.00. The actual amount of this claim will be as per the Allowed secured claim of creditor**

    d. Unsecured Claims
       (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

       (2) General Nonpriority Unsecured: Other unsecured debts shall be paid cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

6. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Wells Fargo Home Mortgage (Per Claim Filed)** | **$21,000.00** | **3.75%** |

7. The Debtor shall make regular payments directly to the following creditors: **NONE**

8. The employer on whom the Court will be requested to order payment withheld from earnings is:
**Debtor's Employer: V-G Supply Co, Inc**
**$950.00 to be deducted Bi-weekly and remitted to the Trustee.**

**Spouse's Employer: Comcast**
**$920.00 to be deducted Bi-weekly and remitted to the Trustee.**

9. The following executory contracts of the debtor are rejected: **NONE**

10. Property to Be Surrendered to Secured Creditor:

    **PERITUS PORTFOLIO SERVICES II, LLC**         **2007 Chrysler Sebring**

11. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code: **NONE**

12. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

13. As used herein, the term "Debtor" shall include both debtors in a joint case.

14. Other Provisions:

A.   The plan will provide for and pay the following: 100% of all unsecured non-student loan debt. The Trustee will make ongoing monthly student loan distribution to Suntrust - ECMC as per the claim filed.

B.   Pre-petition arrearage shall not be provided to AmeriCredit and Peritus Portfolio Services under class three paragraph C. These claims shall be paid under Class Four Paragraph D as cram downs.

C.   Vesting, Possession of Estate Property and Lien Retention: Upon confirmation of the Plan, all property listed in the Debtor's schedules will vest in the debtor [11U.S.C.§1327(b)]. The debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11U.S.C.§1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

D.   Debtor's Causes of Action: Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

E.   Surrender of Abandonment of Collateral: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

F.   Prohibition against Incurring Post-Petition Debt: While this case is pending, the debtor will not incur debt without first obtaining approval from the Court or the Trustee.

H.   Proof of Claims Required for Distribution: To receive distributions from the trustee under this Plan all creditors, including holders of secured claims, must file a proof of claim with the bankruptcy court.

I.   Debtor Duty to Maintain Insurance: Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.

J.   Entry of Orders Lifting Stay: Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

K.   Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim-whichever is less.

L.     It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.

Dated: 10-8-17

JOSE M. LOPEZ, DEBTOR

Dated 10-8-17

MARYLOU LOPEZ, JOINT DEBTOR